**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DOYLE KORDELL HAWK
Reg #35068-177

                                                                                                      PETITIONER

VS.                            2:10CV00011 JLH/JTR

T.C. OUTLAW,
Warden, FCI- Forrest City                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence to be proffered at the requested hearing before
           the United States District Judge was not offered at the hearing

      before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

On January 27, 2010, Petitioner, Doyle Kordell Hawk, an inmate at the Federal Correctional Complex-Forrest City ("FCC Forrest City") filed this §2241 habeas action. (Docket entry #2). In his Petition, he argues that the Bureau Of Prisons (BOP) is detaining him beyond his release date. *Id.* On April 1, 2010, Respondent filed his Response. (Docket entry #13).

On April 6, 2010, Petitioner was released from FCC Forrest City. He is now on supervised release in the "free world."

Before addressing the merits of this case, the Court will review the relevant procedural history. Petitioner was sentenced on January 5, 2007, to a 51-month term of imprisonment for violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Hydrocodone. (Docket entry #13). Petitioner's sentence commenced on March 12, 2007, and, at that time, he had a projected release date of December 20, 2009. *Id.*

On March 6, 2009, Petitioner was transferred to a Residential Reentry Center (RRC) in

Chattanooga, Tennessee. (Docket entry #2). On May 29, 2009, he was granted a weekend pass. While on his weekend pass, he was arrested and detained in the Madison County jail, in Huntsville, Alabama, on charges of possession of forged instruments; possession of marijuana; driving under the influence; open container; and improper lane change. (Document entry #2). He remained in the Madison County jail until October 14, 2009, when he was returned to the BOP's custody and incarcerated at FCC Forrest City. (Docket entry #13). Petitioner remained at FCC Forrest City until he was released on April 6, 2010.

In his January 27, 2010 Petition, Petitioner argues that the BOP is detaining him beyond his release date. (Docket entry #2). While he acknowledges that a BOP rule violation incident report was issued on May 30, 2009, he contends that no BOP disciplinary action was ever taken in connection with the May 30 incident report. *Id*. Because the BOP never gave Petitioner an explanation of why he was being held beyond December 20, 2009, his original projected release date, Petitioner argues that he is entitled to immediate release from BOP custody. *Id*.

Respondent argues that Petitioner was not held beyond his release date. (Docket entry #13). Rather, under BOP guidelines, the days Petitioner was confined in the Madison County jail did *not* count toward the completion of his federal sentence at FCC Forrest City. *Id.*

For the reasons discussed below, the Court concludes that Petitioner's habeas claim is moot. Accordingly, the Court recommends that this action be dismissed, with prejudice.

## II. Discussion

Article III of the Constitution limits the jurisdiction of federal courts to consideration of ongoing "cases" or "controversies." U.S.C.A. Const. Art. 3., § 2, cl. 1. "[I]t is not enough that a dispute was very much alive when suit was filed...The parties must continue to have a 'personal

stake in the outcome' of the lawsuit." *Comfort Lake Ass'n v. Dresel Contracting, Inc.,* 138 F.3d 351, 354 (8th Cir. 1998), *quoting, Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances...and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723-724 (8th Cir. 2005) *quoting*, *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 496 n.7 (1969)("If an issue is moot in the Article III sense, [the Court has] no discretion and most dismiss the action for lack of jurisdiction.") *Id.*

Petitioner's habeas claim was "very much alive" when he initiated this action on January 27, 2010, and sought immediate release from FCC Forrest City. In his habeas Petition, he was clear that he was *not* attacking his underlying conviction, but, instead, was attacking only his incarceration beyond his original projected release date.

On April 6, 2010, Petitioner was released, an event which fundamentally changed the circumstances of his case: "Once [a] convict's sentence has expired...some concrete and continuing injury other than the now-ended incarceration ...some 'collateral consequence' of the conviction- must exist if the suit is to be maintained." *Spencer*, 523 U.S. 1, 7 (1998) *citing Carafis v. LaVallee*, 399 U.S.234, 238 (1968). Such "collateral consequence" include restrictions on the right to vote, the right to own a gun, the right to serve on a jury, or the right to engage in certain types of businesses or professions. *Spencer,* 523 U.S. at 8.

In this case, Petitioner's only claim is that he is being wrongfully incarcerated beyond his original projected release date. Now that Petitioner has been released, he simply cannot demonstrate any "real and material" collateral consequences stemming from the approximately fourteen weeks

that he was required to serve beyond his original projected release date of December 20, 2009. Finally, because Petitioner has been released, there is no longer an actual injury that can be redressed by a favorable judicial ruling from this Court. The only relief requested by Petitioner was his immediate release from FCC Forrest City. On April 6, 2010, he obtained "free world status." Accordingly, this action no longer represents a case or controversy and should be dismissed, with prejudice, as moot.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2241, be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 21st day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE